**Opinion issued March 17, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-19-00918-CV**

———————————

**IN RE ALFRED MARSH SANDERS, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Alfred Marsh Sanders, seeks mandamus relief in connection with the trial court's striking of the counter-affidavit he filed to controvert a medical-cost affidavit filed by real party in interest, Jose Ivan Mideros. We deny relief.

### Background

Mideros sued Sanders after an automobile accident. Mideros claims he was injured in the accident and served Sanders with cost-and-necessity affidavits

pursuant to section 18.001 of the Texas Civil Practice and Remedies Code. The affidavits, which enumerated Mideros's medical expenses that allegedly resulted from the accident, included records reflecting a $2,450.65 MRI charge. Sanders filed the counter-affidavit of Dr. Julius Danziger, M.D., a radiologist who opined Mideros's MRI charge was not reasonable. Mideros filed a motion to strike the counter-affidavit, which the trial court granted. Sanders contends the trial court abused its discretion in striking the counter-affidavit.

## Analysis

On January 28, 2020, this Court issued *In re Flores*, No. 01-19-00484-CV, 2020 WL 425297 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, orig. proceeding). The relators in *Flores*, like Sanders, sought mandamus relief after the trial court struck the counter-affidavits they filed pursuant to section 18.001. *Id.* at *1. The *Flores* counter-affidavit contained a physician's testimony challenging the cost of the plaintiff's medical treatment. *Id.* This Court held relator had an adequate remedy both during trial and by appeal:

> Nothing in section 18.001 prevents parties whose counter-affidavits have been erroneously stricken from assailing the original affidavits and ultimately prevailing at trial. They have an available remedy at law in the trial court, prior to judgment. Moreover, relators have not offered any explanation as to how this situation is different from any other case where a trial court's erroneous ruling requires parties to go to trial without their "star witnesses," or an order that prevents such witnesses from testifying on certain matters. There—as here—allowing mandamus review "unduly interferes with trial court proceedings, distracts appellate court

2

attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." Because relators simply face the non-unique burden of having to adjust their trial strategy to accommodate an adverse evidentiary ruling, we conclude that relators have not presented a situation involving a "manifest and urgent necessity," but rather one involving "grievances that may be addressed by other remedies."

*Id.* at \*3 (citations omitted).[1]

Like the relators in *Flores*, Sanders does not explain why "an appellate court could not cure the error by appeal of the exclusion of the counter-affidavit." *Id.*[2] Rather, Sanders says only that he lacks adequate remedy by appeal because without relief, he "will be barred from presenting evidence that contradicts the affidavits of Mideros' medical providers, even though evidence exists that demonstrates the MRI charges are grossly inflated." As we noted in *Flores*, "[n]othing in section 18.001 prevents parties whose counter-affidavits have been

---

[1] At least one of our sister courts has followed *Flores. See In re Yuji Christopher Inoue*, No. 05-19-01170-CV, 2020 WL 948382, at \*1 (Tex. App.—Dallas Feb. 27, 2020, orig. proceeding) (mem. op.) (holding relator had adequate remedy by appeal when counter-affidavit was struck); *In re Ben E. Keith Co.*, No. 05-19-00608-CV, 2020 WL 813376, at \*1 (Tex. App.—Dallas Feb. 19, 2020, orig. proceeding) (mem. op.) (same); *In re Hub Grp. Trucking, Inc.*, No. 05-20-00082-CV, 2020 WL 772825, at \*1 (Tex. App.—Dallas Feb. 18, 2020, orig. proceeding) (mem. op.) (same).

[2] Sanders relies on a recent Tyler Court of Appeals case in support of his argument that there is no adequate remedy by appeal. *See In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458 (Tex. App.—Tyler Mar. 5, 2019, orig. proceeding). In deciding *Flores,* this Court declined to follow *Brown. In re Flores*, No. 01-19-00484-CV, 2020 WL 425297, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, orig. proceeding).

erroneously stricken from assailing the original affidavits," and "the delay and expense of a possible retrial does not render the appellate remedy inadequate." *Id.* at *3.

We deny the petition. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Hightower.